# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

No. 18-30404

**FILED**
April 18, 2019

Lyle W. Cayce
Clerk

DESMOND LEWIS,

> Plaintiff - Appellant

v.

CITY OF SHREVEPORT; OFFICER BORDELON,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-2034

Before JOLLY, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

I.

On July 12, 2014, several Shreveport police officers, including Cpl. Chris Bordelon, arrested Desmond Lewis after he fled from an attempt to question him about a recent robbery. There is no dispute that Lewis was not a suspect in the robbery when the officers decided to arrest him. After handcuffing Lewis, Cpl. Bordelon and another officer began walking him to a waiting police

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30404

car.  Lewis began resisting by jerking away and, according to the officers, otherwise "trying to get away."[1]

Cpl. Bordelon dragged the resisting Lewis to the back door of the police car.  Cpl. Bordelon testified that as they approached the door, Lewis straightened his body so that he could not fit through the door, refused to enter the car, and resisted to the point that Cpl. Bordelan was required to push him through the door.  This resistance to entering the car left Lewis's upper body inside the vehicle with his lower half outside of it.  Cpl. Bordelon then attempted to pick up Lewis's feet.  He testified that Lewis kicked him in the groin area several times.  Lewis denies doing so.  Cpl. Bordelon then drew his baton and struck Lewis several times on the side of his leg below the knee.  According to Lewis, Cpl. Bordelon also "poked" his rectum.  Cpl. Bordelon testified that at that point Lewis continued to kick and thrash around.  Lewis, on the other hand, testified that at that point he was trying to sit up in the car.  During this scuffle, attempting to force Lewis into the car, Cpl. Bordelon struck Lewis three times in the face with his fist.  The officers were eventually able to pull the uncooperative Lewis completely into the vehicle.

The Shreveport Fire Department Emergency Medical Service responded to the scene and treated Lewis for a cut to his hand.[2]  Lewis's mother testified that Lewis told her that the police had inserted a baton into his rectum.  Captain Ivory, one of the Fire Department responders, also testified that Lewis

---

[1] Lewis claims that he was entirely compliant.  Audio of the incident was captured by the dashcam in one of the police cars.  After reviewing the audio evidence, we are forced to conclude that Lewis indeed resisted the officers.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

[2] There is no dispute that Lewis received this cut *before* the officers arrested him, although precisely when is not absolutely clear from the record.

2

No. 18-30404

yelled to his mother and grandmother that "they had F'd him in his butt with their sticks and, you know, they raped [him] and they beat [him]."

After the examination, Lewis was taken to the hospital. The hospital records show that he was treated for a laceration on his hand and a psychological episode that was diagnosed as having begun within the hour. Eventually, he was taken to the jail. Lewis pled guilty to charges of battery of a police officer, resisting an officer, and being a fugitive. The charges were later *nolle prossed* after Lewis's attorney moved to withdraw his plea.

## II.

Lewis filed a complaint in the Western District of Louisiana under 42 U.S.C. § 1983 against the City of Shreveport, Cpl. Bordelon, and several other police officers alleging federal and state law claims of excessive force, amongst other things. The district court found that the officers were entitled to qualified immunity. It also dismissed Lewis's claims against the City of Shreveport.[3] With respect to the excessive force claim against Cpl. Bordelon, the court found that Lewis failed to offer evidence for injuries beyond bruises and cuts, which it held were de minimis, and thus insufficient to support a constitutional violation. Furthermore, the district court found that there was no medical evidence to support Lewis's claim that Cpl. Bordelon inserted his baton into his rectum, and so no genuine issue of fact was presented on this

---

[3] Lewis spends only one sentence, with no substantive argument, asking us to reverse the district court on this question. This is insufficient to maintain this claim on appeal. Lewis has forfeited his municipal liability claim against the City. *See, e.g., Port Arthur Towing Co., v. John W. Towing, Inc.*, 42 F.3d 312, 318 (5th Cir. 1995).

No. 18-30404

claim.  Lewis now appeals only the district court's dismissal of his federal excessive force and related state law claims against Cpl. Bordelon.[4]

We review a district court's grant of summary judgment de novo, using the same standard of review as the district court.  *Riverwood Int'l Corp., v. Emp'rs Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005).  "This Court views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor."  *Sanders-Burns v. City of Plan*, 594 F.3d 366, 380 (5th Cir. 2010) (internal quotation marks omitted) (quoting .  We may disregard the nonmovant's testimony only where it is "blatantly contradicted by the record."  *Scott*, 550 U.S. at 380.

Because Cpl. Bordelon has properly raised the defense of qualified immunity, Lewis has the burden of negating it.  *See Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)).  "To determine whether qualified immunity applies, we engage in a two-part inquiry asking: first, whether taken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right; and second, whether the right was clearly established."  *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (internal quotation marks and citations omitted).  To overcome a claim of qualified immunity in an excessive force case, the plaintiff "must show (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Poole v. City of*

---

[4] Both parties agree that the same analysis applies with respect to Lewis's state and federal excessive force claims.  Therefore, we will not consider these claims separately.  Because Lewis has not briefed his other state law claims on appeal, these claims are forfeited.

4

No. 18-30404

*Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012) (quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

## III.

In the light of our recent decisions in *Sam v. Richard*, 887 F.3d 710 (5th Cir. 2018) and *Alexander v. City of Round Rock*, 854 F.3d 298 (5th Cir. 2017), we find that Lewis has presented a genuine issue of material fact as to whether he suffered constitutionally cognizable injuries.  We further find that, even after we accept that Lewis was resisting the officers, a genuine issue of material fact was presented as to whether Cpl. Bordelon used clearly excessive and unreasonable force by punching Lewis in the face, striking Lewis with his baton, and "poking" Lewis in the rectum with his baton.

The district court rejected the last of these allegations because Lewis failed to present medical evidence substantiating the alleged injury.  Lewis, however, was not required to do so.  The testimony of Lewis, his mother, his grandmother, and Captain Ivory is enough, if only barely, to create a genuine issue of fact as to whether the alleged use of force occurred.[5]

Accordingly, we REVERSE the dismissal of both state and federal excessive force claims, and REMAND for further proceedings not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

[5] The City does not dispute that Lewis's allegation, if true, would constitute excessive force.

5