**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2020

Lyle W. Cayce
Clerk

No. 19-20167

MONICA VOSS,

      Plaintiff - Appellant

v.

GREGORY G. GOODE; FORT BEND COUNTY, TEXAS,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:

Appellant Monica Voss appeals the district court's grant of summary judgment on her claim of false arrest in violation of the Fourth Amendment against Gregory Goode, a deputy of the Fort Bend County Sheriff's Office. For the following reasons, we AFFIRM.

**I.**

Slightly before midnight on June 20, 2016, Goode responded to a welfare check from Texas Child Protective Services (CPS) at Voss's house. Voss's fourteen-year-old daughter K.V. had allegedly reported suicidal thoughts to an

No. 19-20167

adult friend.  Deputy Philip McGuigan was also dispatched to Voss's house as backup.

Goode approached Voss's house, knocked on her front door, and announced himself.  Voss, a retired detective, answered the door and identified herself as Monica.  Goode explained that he was there at the request of CPS to perform a welfare check on K.V. because of a report that K.V. was contemplating suicide.  Voss called K.V. downstairs to speak with Goode and woke her husband, who also came down.  K.V. denied being depressed or suicidal.  Voss's husband went to bed.  Goode then interviewed K.V. outside, away from her parents, at Voss's suggestion and with her consent.  During this interview, K.V. confirmed to Goode that she had reported suicidal ideation.  She also told Goode that she was in a mental health crisis, was depressed and wanted to "end her misery," and that her parents had acted abusively toward her.  She stated that Voss had previously thrown hard or sharp objects at her, including a telephone and a pair of scissors.  K.V. said that she was afraid of Voss because Voss acted like she was going to throw something at her, and because Voss had access to guns under her bed.  K.V. did not have any visible injuries, but she reported that her home environment led her to thoughts of drowning herself in the family's pool or hanging herself.  Goode determined that further investigation was warranted based on K.V.'s statements.

Voss came outside after 20 to 30 minutes.  Goode told Voss that he needed to contact Texana Crisis Center to request an assessment by a mental health professional and that K.V. would wait in his squad car until the counselor arrived.  Voss protested and demanded that she take K.V. to the hospital herself instead.  Voss told K.V. to get in her car rather than the patrol car.  She threatened to lock K.V. out of the house if Goode put her in the squad car.  At this point, Goode explained to Voss that he had placed K.V. under his protective custody and that Voss could not leave the scene with K.V. in her car.

Goode also warned Voss that she was getting close to being arrested for interfering with his investigation. Voss's declaration states that she went inside for a few minutes "to sort the confusing situation out." When she came out a few minutes later, Goode ordered Voss to provide identifying information. Voss told Goode that she did not have an ID on her person and that it was in the house. Voss refused to go in the house and retrieve it.

Goode then arrested Voss. The reason Goode gave for the arrest at the time was "failure to identify to a police officer." McGuigan placed Voss in Goode's patrol car. After a short period of time in the parked car, Voss asked to get out, which Goode permitted her to do. Goode then agreed to remove her handcuffs. Voss asked Goode to call his supervisor. Sergeant Jerome Ellis arrived and allegedly told Voss that the events leading to her arrest had been "a big misunderstanding that had gotten out of hand." Shortly thereafter, a Texana counselor arrived and conducted an evaluation of K.V. K.V. was released into her mother's custody. The state did not press charges against Voss.

Voss filed a complaint in the Southern District of Texas on May 6, 2017. Voss asserted claims against Goode under the Fourth and Fourteenth Amendments for allegedly detaining and arresting her without probable cause. She also asserted a municipal-liability claim against Fort Bend County, alleging that the County was the moving force behind Goode's unconstitutional actions. The district court dismissed all claims against the County and all of Voss's claims against Goode—except for the Fourth Amendment false arrest claim—for failure to state a claim. On April 17, 2018, Goode filed a motion for summary judgment on the basis of qualified immunity on the last remaining

No. 19-20167

claim. On February 20, 2019, the district court granted the motion and entered judgment against Voss. Voss timely appealed.

## II.

We review the district court's summary judgment decision de novo, applying the same legal standard used by the district court. *Hyatt v. Thomas*, 843 F.3d 172, 176–77 (5th Cir. 2016). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Romero v. City of Grapevine*, 888 F.3d 170, 175 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). To decide if the non-movant has raised a genuine dispute of material fact, we view all facts and evidence in the light most favorable to her and draw all reasonable inferences in her favor. *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) (citing *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016)). "Summary judgment must be affirmed if it is sustainable on any legal ground in the record, and it may be affirmed on grounds rejected or not stated by the district court." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 537–38 (5th Cir. 2003) (citations omitted).

## III.

Voss makes two arguments on appeal as to why Goode is not entitled to qualified immunity.[1] First, she asserts that Goode cannot prevail on the theory

---

[1] Voss also asserts that the district court "drew every inference in favor of the movant, resolved fact and credibility disputes inappropriate for summary judgment, and failed to credit evidence that contradicted some of its key factual conclusions." This argument

that he had probable cause to arrest her for interfering with his investigation when he told her at the time that she was being arrested for failure to identify. Second, she argues that, even if Goode can use a new crime to justify her arrest, he did not have probable cause to arrest her for any crime.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (en banc) (quoting *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016)). A plaintiff must make a two-part showing to overcome a qualified immunity defense. First, a plaintiff must show that the official violated a statutory or constitutional right; second, she must show that the right was clearly established at the time of the challenged conduct. *Id.* The order in which to address the two prongs rests in the reviewing court's discretion. *Pearson*, 555 U.S. at 236.

Voss argues that, because Goode originally told her that she was being arrested for failure to identify, he is not entitled to qualified immunity if it was clearly established at the time of her arrest that no probable cause existed for

is contradicted by the district court's opinion, which mainly relies on Voss's account in reciting the facts of the case. The only time that the report and recommendation explicitly deviates from Voss's account is to discredit Voss's alleged characterization that she "was cooperative at all times, that she was calm, posed no threat, and was not argumentative." Voss's demeanor has no bearing on whether Goode had probable cause to arrest her for interference because interference requires physical action. *See Freeman v. Gore*, 483 F.3d 404, 414 (5th Cir. 2007) (holding that "'yelling' and 'screaming' . . . alone does not take [a plaintiff's] conduct out of the realm of speech"). Therefore, we find no material error in the district court's account of the facts.

No. 19-20167

*that particular offense.*    A person commits failure to identify if he or she "intentionally refuses to give his [or her] name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information." Tex. Penal Code Ann. § 38.02(a).  Goode concedes that he did not have probable cause to arrest Voss for failure to identify, because the offense applies only to someone who has already been "lawfully arrested" for another crime.  *Id.* Goode instead seeks to show that he had probable cause to arrest Voss for a different crime: interference with public duties.  *See id.* § 38.15(a)(1).

Despite Voss's assertions to the contrary, Goode may justify the arrest by showing probable cause for any crime.  *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (holding that because "an arresting officer's state of mind . . . is irrelevant to the existence of probable cause," there is "no basis in precedent or reason" to require an officer to justify an arrest with reasons given at the scene); *see also Sam v. Richard*, 887 F.3d 710, 715–16 (5th Cir. 2018) (holding that justifying an arrest by pointing to probable cause for the misdemeanor of crossing an interstate highway was permissible even if it was "only an after-the-fact justification for the arrest").  Goode is therefore entitled to qualified immunity unless it was clearly established that no probable cause existed to arrest Voss for interference with public duties or any other crime at the time of arrest.  Probable cause exists when an officer is aware of "reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe" that a crime has been or will be committed. *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006).

Voss's second argument is that Goode is not entitled to qualified immunity because a reasonable officer would not have thought that he had probable cause to arrest her for interference with public duties.

We need not determine whether Goode had probable cause under the first part of the qualified immunity test, because Goode's behavior was

reasonable in light of the clearly established law at the time of the incident. An officer is entitled to qualified immunity even if he did not have probable cause to arrest a suspect, "if a reasonable person in [his] position 'would have believed that [his] conduct conformed to the constitutional standard in light of the information available to [him] and the clearly established law.'" *Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007) (quoting *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)). To determine whether a reasonable officer would have believed that his or her conduct conformed to the constitutional standard, courts look at the state of the law at the time of the incident. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). The Supreme Court has not required a case "directly on point for a right to be clearly established," but "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). In other words, "[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 136 S. Ct. at 308 (quoting *Reichle v. Howards*, 556 U.S. 658, 664 (2012)).

Texas Penal Code § 38.15 provides, "[a] person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." *Id.* § 38.15(a)(1). In order to violate the statute, a person's interference must consist of more than speech alone. *Id.* § 38.15(d) ("It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only."). Accordingly, we have held that "merely arguing with police officers about the propriety of their conduct . . . falls within the speech exception to section 38.15" and thus does not constitute probable cause to arrest someone for interference. *Freeman*, 483 F.3d at 414; *see also Westfall v.*

*Luna*, 903 F.3d 534, 544 (5th Cir. 2018).  By contrast, actions such as "ma[king] physical contact with any of the officers or physically obstruct[ing]" them from performing their legally authorized duties could constitute interference. *Freeman*, 483 F.3d at 414.  And "fail[ing] to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech" can also constitute interference.  *Childers v. Iglesias*, 848 F.3d 412, 415 (5th Cir. 2017) (describing the state of the law as of September 2013).

Here, a reasonable officer could believe that Voss's conduct did not fall within the speech-only exception.  While Voss maintains that she did not physically put K.V. in her car, she does not deny that she told K.V. to get in her car, contravening Goode's order that K.V. get in his patrol car.  Importantly, her counsel acknowledged at oral argument that K.V. obeyed Voss and got in Voss's car after Voss ordered her to do so.  A reasonable officer could think that this behavior gave rise to probable cause for interference.  In *Barnes v. State*, 206 S.W.3d 601 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals held that a woman's shout to her son to "run" as police attempted to restrain them did not fall within the speech-only exception because it was a "command to act."  *Id.* at 605–06.  The court found that in the First Amendment context, words specifically designed to prompt action are not given full protection, and similarly, a command of this kind should be treated as conduct that can form the basis for probable cause.  *Id.* at 606 (citing *Schenck v. United States*, 249 U.S. 47, 52 (1919)).  The facts of *Barnes*, in which a mother told her minor child to physically disobey police orders and the child did so, are analogous to this case.  *Barnes* therefore gave Goode reason to believe that probable cause existed to arrest Voss after Voss instructed her child to physically disobey an officer and the child complied.

No. 19-20167

Voss's conduct also went beyond the types of speech we have recognized as protected. While courts have sometimes held that similar behavior fell within the speech exception, those cases involved unlawful orders by police. *See, e.g.*, *Freeman*, 483 F.3d at 413 (holding that plaintiff's yelling and refusing to obey an unlawful order fell within speech exception); *Carney v. State*, 31 S.W.3d 392, 398 (Tex. App. 2000) (holding that defendant arguing with police officers about an unconstitutional search fell within the speech exception). Here, Goode had legal authority to place K.V. in protective custody, and Voss told her child to disobey a physical order. These circumstances are more similar to the facts of our cases upholding qualified immunity. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 657 (5th Cir. 2004) (holding that arresting someone for stepping within 10 to 15 feet of an officer after being ordered to move away did not violate clearly established law). Accordingly, Goode's conduct was not unreasonable in light of the prevailing law.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.