# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2020

No. 19-60803

Lyle W. Cayce
Clerk

YOSHANTA ALBERT, Individually and as representative of the Estate of
Marc Davis, and on behalf of their minor children,

       Plaintiff - Appellant

v.

CITY OF PETAL; LEONARD FULLER, In his official capacity as Chief of
Police for the Petal Police Department; OFFICER JOHN DOE, In his
individual and official capacity as police officers for the City of Petal; AARON
JERNIGAN,

       Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:18-CV-96

Before CLEMENT, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    This appeal arises from the death of Marc Davis. Despite the sad
circumstances, we find that the district court did not abuse its discretion in
excluding certain expert testimony, *see Gen. Elec. Co. v. Joiner*, 522 U.S. 136,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-60803

139 (1997) (reviewing the exclusion of expert testimony for abuse of discretion), and did not err in granting summary judgment on all of the defendants' claims, *see Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (reviewing the district court's grant of summary judgment de novo and explaining the burden-shifting nature of a police officer's qualified immunity defense: "[o]nce a [police officer] asserts QI, the burden shifts to the plaintiff to 'rebut the defense by establishing that the [officer]'s allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the [officer]'s conduct'"). We affirm the district court's judgment.

## I.

We view the facts and the inferences to be drawn therefrom in the light most favorable to Davis. *See Voss v. Goode*, 954 F.3d 234, 237 (5th Cir. 2020). In this case, the facts are drawn largely from statements of civilian witnesses that are not meaningfully disputed by either party.

Davis was involved in an automobile accident wherein Officer Aaron Jernigan was the responding officer. Shortly after Jernigan arrived on scene, Davis "rush[ed] the [O]fficer" and "reach[ed]" for Jernigan's gun. A "scuffle" ensued, involving nearby civilians, who helped get Davis's hand off the holster of Jernigan's weapon.[1] Once Jernigan was free, he ordered the civilians to back up and began retreating himself. He also ordered Davis to stay on the ground.[2] But Davis did not comply and once again advanced toward Jernigan, swearing at him to "go ahead and shoot." Jernigan warned that he would shoot if Davis advanced his position any farther multiple times, but Davis continued

---

[1] Jernigan says he deployed a TASER on Davis, which had no effect.

[2] In his brief, Davis cites a civilian statement for the proposition that Jernigan ordered him to get up, but that statement actually says that Jernigan ordered Davis to stay down.

No. 19-60803

advancing toward him. Jernigan then shot Davis three times, stating that "[he] had no choice." Davis ultimately passed away from the gunshot wounds.

Appellant Yoshanta Albert, wife of the decedent, sued the City of Petal, Mississippi, Police Chief Leonard Fuller in his official capacity, and Officer Jernigan in his individual and official capacities, asserting numerous causes of action, including an excessive force claim against Jernigan, *Monell* and failure-to-train claims against the City, and tort claims under Mississippi law.

II.

We first find that the district court did not abuse its discretion in excluding portions of testimony from two of Albert's expert witnesses—Richard Lichten, a police-procedure expert, and Dr. Kris Sperry, the former Chief Medical Examiner for the State of Georgia. The district court held that three of Lichten's opinions[3] were inadmissible conclusions of law. *See United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) ("Reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion."); *McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012) (per curiam) (explaining that experts are not "permit[ted] . . . to offer legal conclusions, and whether an officer's use of his firearm was unreasonable for purposes of the Fourth Amendment is a legal conclusion" (citation omitted)). We agree.

The court also excluded portions of Dr. Sperry's testimony as going beyond Sperry's "knowledge, skill, experience, training, or education." *See* FED. R. EVID. 702. The court excluded testimony in which Sperry opined (1) that "[a]

---

[3] The district court excluded the following opinions in Lichten's report: "[(1)] The shooting of the unarmed decedent by Officer Aaron Jernigan was objectively unreasonable, unnecessary, excessive, and against police department policy because the decedent did not pose an immediate threat of death or pose an immediate threat of serious bodily injury to Officer Jernigan or anyone else when he was shot twice in the front and once in the back[; (2)] [t]he shooting of the decedent was an overreaction by Officer Jernigan. The overreaction was excessive force[; and (3)] [a]ll professionally trained, POST certified, reasonable officers know that they cannot shoot a person for not obeying commands."

3

No. 19-60803

bystander (Bryan Lee) was able to restrain Mr. Davis, to the point where Mr. Davis could have been completely restrained and immobilized by Officer Jernigan and other officers who arrived to the scene; instead, Officer Jernigan ordered Mr. Lee to get up, whereupon he shot Mr. Davis," (2) that there were significant differences in the statements of Bryan Lee and Officer Jernigan, and (3) that "[t]he shooting of Marc Davis by Officer Aaron Jernigan constitute[d] the application of excessive lethal force." As to (1), we agree with the court that Sperry's training and expertise in the field of medicine did not translate to training or expertise in police practices and procedures, as Albert asserts.[4] In regard to (2), we likewise agree that Sperry was impermissibly "provid[ing] commentary on the credibility of fact witnesses." *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007) (explaining that credibility determinations are undoubtedly the province of the jury); *see also United States v. Hill*, 749 F.3d 1250, 1258–60 (10th Cir. 2014) (collecting cases). And (3) was properly excluded for the same reason the district court excluded portions of Lichten's testimony—it was an impermissible conclusion of law.

III.

We also find that the district court did not err in granting summary judgment in favor of the defendants on all of Albert's claims.

First, the district court provided an extremely thorough and correct analysis as to why Officer Jernigan is entitled to qualified immunity on Albert's excessive force claim.[5] Thus, for the reasons explained by the court,

---

[4] Sperry has admitted that he is "not an expert in police training." *See Gianetti v. City of Stillwater*, No. 04-cv-926-BA, 2006 WL 5100544, at *6 (W.D. Okla. Jan. 26, 2006).

[5] Albert's primary argument as to the excessive force claim is that the force was unreasonable because Officer Jernigan created the situation that required deadly force by ordering the civilians restraining Davis on the ground to release him, which subsequently allowed Davis to stand and charge Jernigan. But, as the district court explained, this is

No. 19-60803

we affirm on that issue. *See Orr v. Copeland*, 844 F.3d 484, 493 (5th Cir. 2016) (holding that an officer's use of deadly force was reasonable where the suspect disobeyed the officer's commands and repeatedly reached for the officer's gun during an altercation).

Albert's remaining claims also fail. First, because there was no constitutional violation, as explained by the district court, there can be no *Monell* or failure-to-train claims. *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017); *Brown v. Wilkinson Cty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (per curiam) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Second, Albert's brief does not mention any argument regarding the claim for denial of medical care, so she has waived it. *See Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 708 n.9 (5th Cir. 2020) ("An argument not briefed on appeal is waived."). And finally, the Mississippi Tort Claims Act's police-function exemption bars Albert's state-law claims unless Jernigan "acted in reckless disregard of [Davis's] safety." Miss. Code. Ann. § 11-46-9(1). For the same reasons that Jernigan's use of force was reasonable, explained in depth by the district court, Jernigan was not acting with reckless disregard for Davis's safety.

For the foregoing reasons, we AFFIRM the district court's judgment.

---

irrelevant. *See Cass v. City of Abilene*, 814 F.3d 721, 731–32 (5th Cir. 2016) (explaining that officers would be entitled to immunity even if they created the dangerous situation that ultimately necessitated deadly force).