# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2026

Lyle W. Cayce
Clerk

No. 25-40187
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Spencer,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-561-1

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Robert Spencer appeals following his convictions for possession of a firearm by a felon and possession of an explosive device. He challenges the district court's denial of his motion to suppress evidence, arguing that law enforcement officers violated the Fourth Amendment when they surrounded his house, pointed guns, and ordered him to come outside. He also argues

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40187

that the officers lacked reasonable suspicion to suspect him of criminal activity and that there was no probable cause for his warrantless arrest.

We ascertain no clear error in the district court's determination that the initial warrantless entry and protective sweep of Spencer's home was justified by exigent circumstances. *See Case v. Montana*, 146 S. Ct. 500, 503, 505, 507-08 (2026); *see also United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008) (discussing applicable standard of review); *United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001) (same). Further, contrary to Spencer's arguments, law enforcement officers had probable cause to arrest him without a warrant. *See Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020) (stating that an officer "may justify the arrest by showing probable cause for any crime"); Tex. Penal Code § 42.12. Last, even if it is assumed without deciding that there had been a Fourth Amendment violation, the challenged evidence was admissible because any purported misconduct was sufficiently attenuated from the evidence in light of the intervening circumstances, the lack of temporal proximity, and the absence of flagrantly unlawful misconduct by law enforcement. *See Utah v. Strieff*, 579 U.S. 232, 238-39, 242 (2016).

AFFIRMED.