761 F.2d 237
 Robert B. PERRY and Linda T. Perry, Plaintiffs-Appellants,
Cross-Appellees,
v.
STEWART TITLE CO., et al., Defendants-Appellees,
Federal National Mortgage Association, Defendant-Appellee,
Cross-Appellant.
Hammond Mortgage Corp., Defendant-Appellee, Cross-Appellant.
 No. 83-2552.
 United States Court of Appeals,
Fifth Circuit.
 May 28, 1985.
 
 Schleider & Francis, Paul S. Francis, Houston, Tex., for plaintiffs-appellants, cross-appellees.
 Delange, Hudspeth, Pitman & Katz, Charles E. Fitch, Ben A. Baring, Houston, Tex., for Stewart Title Co., Stewart Guaranty & D. Walters.
 David C. DuBose, Houston, Tex., for Hammond Mortg. Corp.
 Locke, Purnell, Boren, Laney & Neely, Nathan L. Hecht, Harriet Miers, Robert M. Candee, Dallas, Tex., Morris, McCanne, Tinsley, Snowden, Ellis & Wilson, Paul R. Tinsley, Houston, Tex., for Federal Nat. Mortg. Ass'n.
 Crain, Caton, James & Womble, Thomas B. Green, III, Houston, Tex., for Greiner, Greiner Const. Co.
 G. Alan Kramer, Dale C. Scott, Houston, Tex., for Friendswood Development Co., and Exxon Co., U.S.A.
 Appeals from the United States District Court for the Southern District of Texas.
 (Opinion 4/8/85, 5th Cir.1985, 756 F.2d 1197).
 Before CLARK, Chief Judge, JOHNSON and WILLIAMS, Circuit Judges.
 ON PETITIONS FOR REHEARING
 PER CURIAM:
 
 
 1
 Appellee, Federal National Mortgage Association ( FNMA ), has moved for a rehearing on two issues. (1) FNMA's liability for Hammond's alleged violations of the Texas Debt Collection Act (TDCA), Tex.Rev.Civ.Stat.Ann. arts. 5069-11.01 to 5069-11.11 (Vernon Supp.1985), (2) the district court's denial of its motion for an award of attorney's fees.
 
 
 2
 On the first issue FNMA claims this Court should determine as a matter of law that Hammond was an independent contractor of FNMA, thereby insulating FNMA from liability for Hammond's conduct. Whether Hammond was an independent contractor rather than an agent of FNMA is a question reserved for the trial court upon remand. We deny the motion for rehearing insofar as it relates to FNMA's claim that it had no liability for Hammond's alleged actions.
 
 
 3
 On the second issue FNMA urges us to reconsider our opinion upholding the denial by the district court of its motion for attorney's fees. At this stage FNMA's request cannot be made the subject of a ruling since FNMA has not been exonerated of liability under the TDCA. We do grant the motion for rehearing on this issue to the extent that we modify our opinion to allow the district court to reconsider the awarding of attorney's fees to FNMA in the event it determines that FNMA is not liable under the Texas Act. Under our remand the district court will retain discretion in the awarding of fees even though attorney's fees are authorized in the contract. The court may weigh whether such an award would be inequitable or unreasonable in this case. 756 F.2d 1197, 1210; Cable Marine, Inc. v. M/V Trust Me II, 632 F.2d 1344, 1345 (5th Cir.1980).
 
 
 4
 FNMA's motion for rehearing therefore is GRANTED to the extent that, on remand, the district court is authorized to reconsider FNMA's motion for an award of attorney's fees. In all other respects the motion for rehearing is DENIED.
 
 
 5
 The petition of Hammond Mortgage Corporation for rehearing is DENIED.