# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2022

Lyle W. Cayce
Clerk

No. 22-40125
Summary Calendar

―――――――

Reynaldo Cisneros,

*Plaintiff—Appellant*,

*versus*

Franklin Credit Management Corporation,

*Defendant—Appellee*.

―――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CV-106

―――――――

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

In this appeal arising out of a foreclosure dispute, the district court granted summary judgment in favor of the loan servicer, Franklin Credit Management Corporation ("Franklin"), on grounds that sufficient notice

―――――――

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

was given, and the foreclosure action was properly conducted. For the following reasons, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

On August 12, 2005, Reynaldo Cisneros ("Cisneros") executed a purchase money note ("Note") in the amount of $31,000 payable to Mortgage Investment Lending Associates, Inc. ("MILA"). Contemporaneously with the Note, Cisneros executed a purchase money security document ("Security Instrument") in the amount of $124,000 in favor of MILA. The two documents together comprised the loan agreement between the parties (the "Loan Agreement") that pertained to real property located at 1963 Royal Oak Drive in Brownsville, Texas ("Royal Oak").

On February 28, 2006, MILA assigned and transferred the Loan Agreement to Franklin. Franklin then assigned and transferred the Loan Agreement to Wilmington Savings Fund Society ("Wilmington") but continued to act as the loan servicer for Wilmington. Relevant here, the Loan Agreement provided that notice must be given to Cisneros prior to acceleration in the event of a default on the loan. The terms further stated that the notice must contain "(a) the default; (b) the action required to cure the default; (c) a date, not less than 21 days from the date notice was given, to cure the default; and (d) that failure to cure the default on or before the specified date will result in acceleration of the remaining balance under the loan agreement and sale of [Royal Oak]." Additionally, the terms stated that "any notice will be considered given to Cisneros when it is mailed by first-class mail or when actually delivered to the [Royal Oak] address if given by another means." Franklin was required to "give notice to the [Royal Oak] address unless [Cisneros] provide[d] a different address." The terms also provided that Cisneros must "notify Franklin promptly of any change of

address" and "there will only be one address for notice under the loan agreement."

Cisneros failed to make his monthly mortgage payments. On September 1, 2020, Franklin sent correspondence to Cisneros at the Royal Oak address notifying him that he was in default and that the loan balance would be accelerated under the terms of the agreement. The notice indicated that Cisneros would be required to pay $3,343.61 by October 6, 2020, to cure the default and warned that failure to pay would result in acceleration of the loan and the sale of Royal Oak.

After Cisneros failed to cure the default, Franklin sent him a notice of acceleration ("Notice") on November 4, 2020. The Notice advised Cisneros that "the entire unpaid principal balance of the note, all accrued interest, and all other sums lawfully owing on the note or under the deed of trust are now due and payable and demand is made for the immediate payment in full of all such sums." The Notice indicated that the foreclosure would take effect on December 1, 2020.

On November 5, 2020, a notice of trustee's sale was filed. Then on December 1, 2020, Franklin initiated the foreclosure sale and Royal Oak was sold to Eric Williams ("Williams"). On June 25, 2021, Cisneros filed suit against Franklin and Williams in the 197th District Court in Cameron County, Texas. On July 16, 2021, Franklin removed the case to federal court and filed a counterclaim for a declaratory judgment that it had properly conducted the foreclosure proceedings on Cisneros' home.

On July 21, 2021, pursuant to 28 U.S.C. § 1746, Franklin filed a declaration from its legal counsel in the district court record which stated that "the notice of default was sent to Cisneros by certified mail and regular U.S. mail to [Royal Oak], his last known property address of record." On July 27, 2021, Franklin moved for summary judgment on grounds that it had

"complied with all notice requirements before foreclosing" on the Royal Oak property. On August 10, 2021, Cisneros filed a response in opposition to Franklin's summary judgment motion contending that Franklin was unable to prove that notice was properly delivered and alleging that the certified mail receipt was forged.

On November 8, 2021, the district court dismissed Cisneros' claims against Williams and referred the summary judgment motion to the magistrate judge ("MJ") for report and recommendation. The MJ recommended that the district court grant summary judgment in favor of Franklin. Cisneros did not object. The district court adopted the magistrate judge's report and recommendation rendered summary judgment in favor of Franklin. Cisneros filed this appeal.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's grant of summary judgment. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(a)). "A panel may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

## III. DISCUSSION

Cisneros argues that the district court erred in granting summary judgment in favor of Franklin because (1) he did not receive proper notice under the terms of the Loan Agreement and (2) Franklin violated his due process rights during the foreclosure proceedings. We address each issue in turn.

*A. Notice*

The Texas Property Code provides that "service of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *See* TEX. PROP. CODE ANN. 51.002(e). Section 51.002(e) states that the purpose of the notice is "to provide a minimum level of protection to the debtor, and actual receipt of the notice is not necessary." *WMC Mortg. Corp. v. Moss*, No. 01-10-00948-CV, 2011 WL 2089777, at \*7 (Tex. App. May 19, 2011). This court has acknowledged that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Under Texas law, only constructive notice is required. *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009). This court has held that "the dispositive inquiry is not *receipt* of notice, but rather *service* of notice." *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 372 (5th Cir. 2021) (internal quotations and citation omitted) (emphasis in original). Moreover, we have clarified that "self-serving protestations of non-receipt of notice do not create a genuine dispute as to whether a mortgage lender mailed notices of intent to accelerate." *LSR Consulting v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 535 (5th Cir. 2016).

Cisneros argues that a genuine factual dispute exists herein because Franklin has "no supporting documentation showing that it had served notice." He contends that the postal tracking return notification "is not his signature and [does not serve] as a clear indication of [his] delivery address." We disagree.

Franklin complied with applicable Texas law by providing proper notice of default via certified mail with a return receipt that warned Cisneros

if he did not cure the default by October 6, 2020, the terms of the Loan Agreement would be accelerated, and a foreclosure sale would take place. *See* TEX. PROP. CODE ANN. 51.002(e). This notice included all material information Cisneros would need to cure the default, so it was also in compliance with the terms of the Loan Agreement. Franklin further provided ample supporting documentation in the form of declaration from its counsel which stated that the notice of default had been sent to Cisneros via certified mail at the proper address. *See Martins*, 722 F.3d at 256. As noted, Cisneros' "self-serving protestations of non-receipt" do not create a genuine factual dispute as to whether Franklin mailed notice of its intent to accelerate. *LSR Consulting*, 835 F.3d at 535. Accordingly, we hold that Franklin satisfied its notice obligations prior to initiating the foreclosure sale.

### B. Due Process

Cisneros next argues that his due process rights were violated because he did not receive actual receipt of notice of the foreclosure sale. Because Cisneros raises this argument for the first time on appeal, however, he has forfeited it and we decline to address it herein. *See Chevron USA, Inc. v. Aker Maritime, Inc.*, 689 F.3d 497, 503 (5th Cir. 2012) ("Arguments not raised in district court will not be considered absent 'extraordinary circumstances.'"). Assuming arguendo Cisneros had not forfeited this argument, we would nevertheless reject it. As we have already held supra, the record indicates that Franklin complied with the applicable notice requirements under both Texas law and the terms of the Loan Agreement prior to commencing foreclosure proceedings on the Royal Oak property. *See* TEX. PROP. CODE ANN. 51.002(e); *Martins*, 722 F.3d at 256; *Douglas*, 992 F.3d at 372.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's summary judgment in favor of Franklin.