# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20436

———————

JACQUELINE PERRY,

*Plaintiff—Appellant*,

*versus*

MAXANETTE MENDOZA,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4364

———————————————————————

Before DUNCAN and WILSON, *Circuit Judges*, and MAZZANT,[*] *District Judge*.

STUART KYLE DUNCAN, *Circuit Judge*:

Officer Maxanette Mendoza arrested Jacqueline Perry for telephone harassment after she witnessed Perry call in false complaints about her neighbors' supposedly loud music. The harassment charges were dropped, however. Perry then sued Mendoza for false arrest under 42 U.S.C. § 1983. Her claim was dismissed based on qualified immunity. We affirm.

———————————————

[*] District Judge of the Eastern District of Texas, sitting by designation.

No. 22-20436

## I.

## A.

Some time before she was arrested, Perry voiced concerns at a neighborhood meeting about her neighbors playing loud music.[1] Police officers present at the meeting gave her a non-emergency dispatch number to report any future disturbances.

On October 8, 2017, Perry called police around 10:45 a.m., complaining of loud music coming from her neighbors' home three houses down the street. The responding officer approached Perry's house with his windows down and radio off to listen for music but did not hear any. He spoke with Perry and one of Perry's neighbors, a Hispanic male, before departing. At 12:05 p.m., Perry called again, claiming the neighbors raised the volume the moment the officer departed. A second officer responded. Because he heard no loud music playing, the officer noted that Perry's complaint was "unfounded."

Soon after, Perry called a third time and lodged the same complaint. This time, Mendoza arrived on the scene. Mendoza heard no loud music. She spoke to the neighbors, who said that Perry had repeatedly called the police to falsely accuse them of playing loud music. Perry saw Mendoza's cruiser, drove down the street, and told Mendoza that "she could hear the music inside her house," that "the neighbors showed no consideration for others in the neighborhood," and that "she knows the Constable of Harris County Precinct 3 and she will call every time she hears them."

_____

[1] Because the district court granted summary judgment dismissing Perry's false arrest claim, "[w]e view the facts and draw reasonable inferences in the light most favorable to [Perry]." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020).

No. 22-20436

Mendoza decided to investigate further. She drove around the corner and hid behind the neighbor's fence for thirty minutes. While Mendoza waited, Perry called for the fourth time, stating that the neighbor had turned the music up again the minute Mendoza left.[2] Mendoza, however, heard nothing.

At that point, Mendoza contacted the Harris County District Attorney's Office and described what was happening. Specifically, she said that she had "stood behind [the neighbor's] fence and heard no noise at the same time Ms. Perry was once again calling in another complaint." The district attorney's office told Mendoza that "it would accept the charge of telephone harassment." Mendoza then arrested Perry "for telephone harassment."

Perry spent 13 hours in custody before the District Attorney dropped the charge for lack of probable cause. The precinct subsequently opened an investigation into Perry's arrest and placed Mendoza on unpaid leave. She later resigned. The investigation cleared Mendoza of any wrongdoing besides a technical policy violation for not timely filing a police report.

B.

Perry sued Mendoza under 42 U.S.C. § 1983 for false arrest.[3] Mendoza moved for summary judgment based on qualified immunity. The magistrate judge denied her motion because he found a factual dispute as to whether loud music was playing when Perry called the police. Taking Perry's

_____

[2] Mendoza claims Perry called an additional two-to-three times. Call records show, however, that the precinct received a total of four calls only.

[3] Perry also sued Mendoza for using excessive force to arrest her. The magistrate judge granted Mendoza qualified immunity on that claim because Perry failed to allege an injury. Perry did not appeal the excessive force claim, so it is not before us.

version of events as true, he reasoned that Perry called "in a loud music disturbance on a nonemergency line," which no officer could believe constitutes telephone harassment.

Mendoza moved for reconsideration. She argued the relevant factual question was not whether the neighbors were playing loud music but, instead, whether Mendoza herself heard such music. If Mendoza indisputably heard no music, then she could reasonably believe Perry was lying about the noise disturbance, even if Perry was in fact telling the truth.

The magistrate judge agreed with Mendoza that he had erred. Relying on Mendoza's declaration, the magistrate judge found it undisputed that (1) Mendoza heard no noise when she arrived on the scene; (2) Mendoza was aware that Perry had called the police numerous times that day; and (3) Mendoza was standing outside the neighbors' house and heard no noise when Perry reported loud music for the fourth time. Given these undisputed facts, the magistrate judge concluded that Mendoza had "probable cause to believe that Perry had called the authorities multiple times to report loud music that did not exist and that she called with the intent 'to harass, annoy, alarm, abuse, torment, embarrass, or offend another' under Texas Penal Code § 42.07(a)(4)." He therefore granted Mendoza summary judgment on the false arrest claim. Perry timely appealed.

## II.

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Once an officer "raises the defense of qualified immunity, the plaintiff bears the burden of showing the defense does not apply." *Gillem*, 965 F.3d at

391. To overcome qualified immunity, the plaintiff must show that the officer (1) violated a constitutional right that was (2) clearly established at the time. *Laviage v. Fite*, 47 F.4th 402, 405–06 (5th Cir. 2022). Courts "can analyze the prongs in either order or resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020).

## III.

Perry argues the magistrate judge erred by (A) concluding Mendoza reasonably believed she had probable cause to arrest Perry for telephone harassment, and (B) determining no issue of material fact existed precluding summary judgment. We address each issue in turn.

## A.

The magistrate judge ruled Mendoza had probable cause to believe Perry violated Texas's telephone harassment law. *See* Tex. Penal Code § 42.07. As relevant here, a person violates that law

> if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person . . . causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy alarm, abuse, torment, embarrass, or offend another.

*Id.* § 42.07(a)(4). But even if Mendoza was mistaken about probable cause, the magistrate judge continued, she still merited qualified immunity because her mistake was reasonable. On appeal, Perry argues this was error. She asserts her arrest was unreasonable because the Texas law requires harassing calls to be aimed at the victim, not the police.

An officer is due qualified immunity, "even if he did not have probable cause to arrest a suspect," so long as "a reasonable person in his position would have believed that his conduct conformed to the constitutional

standard in light of the information available to him and the clearly established law." *Voss v. Goode*, 954 F.3d 234, 239 (5th Cir. 2020) (cleaned up) (quoting *Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007)); *see also Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (explaining that officers who "'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity") (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Accordingly, we may assume *arguendo* that Mendoza lacked probable cause to arrest Perry for telephone harassment.[4] Indeed, there is some support in Texas law, as Perry argues, for the proposition that the harassing phone calls must be made to the intended victim. *See Scott v. State*, 322 S.W.3d 662, 669 (Tex. Crim. App. 2010) ("[T]he text [of § 42.07(a)(4)] requires that the actor have the specific intent to harass . . . the recipient of the telephone call."), *abrogated in part on other grounds by Wilson v. State*, 448 S.W.3d 418, 422–23 (Tex. Crim. App. 2014). Nonetheless, we agree with the magistrate judge that any mistake by Mendoza was reasonable.

It is undisputed that, before arresting Perry, Mendoza called the district attorney's office to ensure that a telephone harassment charge was proper. As a panel of our court recently explained (albeit in an unpublished opinion), "advice obtained from a prosecutor *prior* to making an arrest should be factored into the totality of the circumstances and considered in determining the officer's entitlement to qualified immunity." *Gorsky v. Guajardo*, No. 20-20084, 2023 WL 3690429, at *9 n.17 (5th Cir. May 26, 2023) (unpublished) (quoting *Kelly v. Borough of Carlisle*, 622 F.3d 248, 255

---

[4] Given this assumption, we also need not determine whether Mendoza had probable cause to arrest Perry for some *other* crime. *See Voss*, 954 F.3d at 238 (explaining that an arresting officer "may justify the arrest by showing probable cause for *any* crime") (emphasis added) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)).

No. 22-20436

(3d Cir. 2010)).[5] Numerous other circuits agree with that approach. *See Cox v. Hainey*, 391 F.3d 25, 34 (1st Cir. 2004) (explaining that "the fact of the consultation [with the prosecutor] and the purport of the advice obtained should be factored into the totality of the circumstances and considered in determining the officer's entitlement to qualified immunity") (and collecting cases from the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits).[6]

To be sure, "a wave of the prosecutor's wand cannot magically transform an unreasonable probable cause determination into a reasonable one." *Hainey*, 391 F.3d at 34. But, as the magistrate judge observed, nothing

_____

[5] This factor did not help the officers in *Gorsky* because they did not speak to the prosecutor until *after* arresting the plaintiff. *See ibid.*

[6] *See Wadkins v. Arnold*, 214 F.3d 535, 542 (4th Cir. 2000); *Kijonka v. Seitzinger*, 363 F.3d 645, 648 (7th Cir. 2004); *E-Z Mart Stores, Inc. v. Kirksey*, 885 F.2d 476, 478 (8th Cir. 1989); *Dixon v. Wallowa County*, 336 F.3d 1013, 1019 (9th Cir. 2003); *Lavicky v. Burnett*, 758 F.2d 468, 476 (10th Cir. 1985).

Circuit courts have reinforced and followed these decisions in subsequent cases. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1231 (9th Cir. 2009) (obtaining pre-arrest legal advice "goes far to establish qualified immunity" (citation omitted)); *Handy v. Palmiero*, 836 F. App'x 116, 118–19 (3d Cir. 2020) (an officer who relies "in good faith on a prosecutor's legal opinion" is "presumptively entitled to qualified immunity" (citations omitted)); *Poulakis v. Rogers*, 341 F. App'x 523, 533 (11th Cir. 2009); *Stearns v. Clarkson*, 615 F.3d 1278, 1284–85 (10th Cir. 2010); *Folkerts v. City of Waverly*, 707 F.3d 975, 982 (8th Cir. 2013); *Frye v. Kansas City Mo. Police Dep't*, 375 F.3d 785, 792 (8th Cir. 2004); *Wheeler v. City of Searcy*, 14 F.4th 843, 851 (8th Cir. 2021); *Fleming v. Livingston County*, 674 F.3d 874, 881 (7th Cir. 2012); *Zimmerman v. Doran*, 807 F.3d 178, 183 (7th Cir. 2015); *Steiger v. Hahn*, 718 F. App'x 386, 391–92 (6th Cir. 2018); *Shrewsbury v. Williams*, 844 F. App'x 647, 650 (4th Cir. 2021).

*But see Brown v. Knapp*, 75 F.4th 638, 648–49 (6th Cir. 2023) (finding under the totality of the circumstances that relying on prosecutor's advice was unreasonable); *Merchant v. Bauer*, 677 F.3d 656, 664–65 (4th Cir. 2012) (finding it unreasonable for an officer to ignore exculpatory evidence while relying on prosecutor's advice concerning probable cause); *Silberstein v. City of Dayton*, 440 F.3d 306, 318 (6th Cir. 2006) (finding reliance on counsel's legal advice on its own constitutes a qualified immunity defense only under "extraordinary circumstances").

about the circumstances taints Mendoza's beliefs as unreasonable: (1) Perry called multiple times to report loud music that day; (2) other officers found no loud music playing when they arrived; (3) the alleged noisemakers claimed they were not playing loud music; (4) no music was playing during the several hours Mendoza was on the scene; and (5) while Mendoza stood behind the neighbors' fence hearing no noise, she received reports Perry was still calling in complaints. Furthermore, as noted, Mendoza relayed what was happening to the district attorney's office and received the go-ahead to arrest Perry for telephone harassment.[7] "[W]e cannot fairly require police officers in the field to be as conversant in the law as lawyers and judges who have the benefit not only of formal legal training, but also the advantage of deliberate study." *Kelly*, 622 F.3d at 255.

Perry nonetheless argues that two cases from the Texas Court of Criminal Appeals clearly establish that her arrest was unreasonable because harassing calls must be made to the victim, not a third party. We disagree. Even assuming those decisions stand for that categorical proposition (which we need not decide), they are too far afield from the present case to clearly establish the law for qualified immunity purposes.

Perry's principal case, *Scott v. State*, involved a man convicted under the telephone harassment law for repeatedly leaving abusive voicemails on his former wife's phone. *See* 322 S.W.3d at 665. In the context of rejecting a

_____

[7] The magistrate judge's ruling relied in part on Mendoza's summary judgment declaration. Perry contends this was error because the declaration was unsigned and not made under penalty of perjury. We disagree. As the magistrate judge pointed out, Mendoza's declaration was permissible under Federal Rule of Civil Procedure 56(c)(2) because it was "capable of being presented in an admissible form." *See LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). Furthermore, the declaration contained only facts (1) based on Mendoza's personal knowledge; (2) that would have been admissible; and (3) to which Mendoza was competent to testify. *See* Fed. R. Civ. P. 56(c)(4).

vagueness challenge, the court ruled that the harassment law "does not implicate the free-speech guarantee of the First Amendment." *Id.* at 670–71. Perry also relies on *Wilson v. State*, involving a woman convicted under the same law for repeatedly leaving angry voicemails on her neighbor's phone. *See* 448 S.W.3d at 420–21. In the course of rejecting a legal sufficiency challenge to the conviction, the court interpreted the statute's phrase "repeated telephone communications." *Id.* at 423–26.

Neither case clearly establishes that Perry's arrest was unreasonable. Especially when evaluating qualified immunity in the Fourth Amendment context, we look for "precedent [that] squarely governs the specific facts at issue." *Salazar v. Molina*, 37 F.4th 278, 285 (5th Cir. 2022) (quoting *Kisela v. Hughes*, 584 U.S. ---, 138 S. Ct. 1148, 1153 (2018)); *see also Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (per curiam) (explaining "existing precedent must have placed the statutory or constitutional question beyond debate . . . in light of the specific context of the case" (citations omitted)); *Lincoln v. Turner*, 874 F.3d 833, 847–51 (5th Cir. 2017) (applying these principles to a false arrest claim). Neither *Scott* nor *Wilson* rises to that level. Both cases concerned disputes between private parties, not claims concerning false arrest or probable cause. While one statement in *Scott* appears to support Perry's reading of the statute, *see supra*, neither decision squarely resolved the issue presented here. Finally, as noted, Perry reasonably relied on the district attorney's advice before making the arrest.

In sum, we see no error in the magistrate judge's conclusion that Mendoza reasonably believed probable cause supported Perry's arrest.

B.

Finally, we turn to whether material fact issues precluded summary judgment. The magistrate judge found no such fact issues. Specifically, he pointed out that (1) Perry did not dispute that Mendoza heard no music while

standing behind the neighbors' fence, and (2) Perry did not allege the music resumed after her third call to the police, the first call to which Mendoza responded. Perry argues this was error. She claims that several material fact issues precluded summary judgment, including (1) the officers' statements that "no music was heard when Perry phoned in her complaints"; (2) the number of calls Perry made; (3) whether Perry used an emergency line or a non-emergency line; and (4) whether Perry named the neighbors as the subject of the complaint. We disagree.

To overcome Mendoza's qualified immunity defense on summary judgment Perry "bears the burden of showing a genuine and material dispute[.]" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015). A disputed fact is material if it could affect the outcome of the lawsuit. *Allen v. U.S. Postal Serv.*, 63 F.4th 292, 300 (5th Cir. 2023). Perry cannot satisfy her burden with "conclusory allegations," "unsubstantiated assertions," or by "a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

The fact disputes Perry points to, even assuming they are genuine, are immaterial to whether Mendoza reasonably believed there was probable cause to arrest her. For instance, as the magistrate judge correctly ruled in granting Mendoza's motion for reconsideration, it does not matter whether neighbors were ever actually playing loud music—it matters only whether Mendoza heard loud music when she was on the scene. Perry adduced no evidence of that. Nor does Perry point to any evidence challenging Mendoza's assertion that Perry called in noise complaints even while Mendoza *herself* heard no loud noise at all. In other words, Perry does not dispute the key facts that led Mendoza to reasonably believe she had probable cause to arrest Perry.

No. 22-20436

Perry's other arguments also fail to move the needle. Any dispute over the number of calls Perry actually made is immaterial because the Texas statute only requires "repeated" calls, and the record undisputedly shows at least four occurred. *See* Tex. Penal Code § 42.07(a)(4). Whether Perry used an emergency or non-emergency line is also beside the point. It only matters that she repeatedly called, not which line she used. Nor can we discern why it matters whether Perry specifically named her neighbors as the offending parties in her noise complaint.

In sum, the magistrate correctly found that no genuine disputes of material fact precluded summary judgment.

AFFIRMED.